UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BIVINS, | No. 2:15-cv-0748-EFB P |
| Plaintiff, | |
| v. | ORDER |
| R. HILL, et al., | |
| Defendants. | |

Plaintiff Joseph Bivins is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent (ECF No. 1 at 22). *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Bivins v. Richmond Police Dep't*, No. 3:00-cv-0047-TEH, 2000 U.S. Dist. LEXIS 545 (N.D. Cal. Jan. 14, 2000) (§ 1915A screening order dismissing action as untimely, citing *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984))[2]; (2) *Bivins v. Contra Costa City*, No. C 08-cv-2570-MHP, 2009 U.S. Dist. LEXIS 56696 (N.D. Cal. June 30, 2009) (order dismissing action for failure to state a claim); and (3) *Bivins v. Martinez County Jail*, No. 3:11-cv-2673-JW (N.D. Cal. Jan. 19, 2012) (order dismissing action as duplicative and frivolous).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Here, plaintiff alleges that in February of 2013, another inmate attacked him. As a result, plaintiff was allegedly placed in administrative segregation and issued a rules violation report. Plaintiff claims to have been denied due process in the related disciplinary proceedings. He also claims that in early 2014, he was denied adequate medical treatment for his hepatitis C, but that he was then transferred to another prison. He further claims that he has been denied access to the courts because many of his administrative appeals have been "blocked."

/////
/////
/////

---

[2] *Franklin* explains that "[w]here a plaintiff raises a defense that would defeat the action, the complaint fails to state a claim on which relief may be granted." Accordingly, this order of dismissal qualifies as a strike for purposes 28 U.S.C. § 1915(g). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) (if allegations are barred by the statute of limitations, complaint is subject to dismissal for failure to state a claim).

1   Plaintiff's allegations do not demonstrate that he suffered from an ongoing or imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent danger exception does not apply.  Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).

Accordingly, it is hereby ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied; and

2. This action is dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

DATED:  April 27, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE